**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

CYNTHIA DEJESUS,

       Plaintiff,

v.                                                                                       Case No: 6:20-cv-1685-LHP

COMMISSIONER OF SOCIAL
SECURITY

       Defendant.

---

**MEMORANDUM OF DECISION[1]**

Cynthia DeJesus ("Claimant") appeals the final decision of the Commissioner of Social Security ("the Commissioner") denying her application for Supplemental Security Income ("SSI"). Claimant raises one argument challenging the Commissioner's final decision, and based on that argument, requests that the matter be reversed and remanded for further administrative proceedings. (Doc. 23, at 13, 24). The Commissioner asserts that the decision of the Administrative Law Judge ("ALJ") is supported by substantial evidence and should be affirmed. (*Id.*, at 24). For the reasons discussed herein, the Commissioner's final decision is **AFFIRMED**.

---

[1] The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge. *See* Docs. 17, 19-20.

## I.  PROCEDURAL HISTORY.

On December 12, 2018, Claimant filed an application for SSI, alleging that she became disabled on May 23, 2018.  (R. 21, 184-91).  Her claim was denied initially and on reconsideration, and she requested a hearing before an ALJ.  (R. 91-95, 99-107).  A hearing was held before the ALJ on February 13, 2020, at which Claimant was represented by an attorney.  (R. 36-61).  Claimant and a vocational expert ("VE") testified at the hearing.  (*Id.*).  Following the hearing, the ALJ issued an unfavorable decision finding that Claimant was not disabled.  (R. 15-35). Claimant sought review of the ALJ's decision by the Appeals Council.  *See* R. 181-83.  On August 5, 2020, the Appeals Council denied the request for review.   (R. 1-8). Claimant now seeks review of the final decision of the Commissioner by this Court. (Doc. 1).

## II.  THE ALJ'S DECISION.[2]

After considering the entire record, the ALJ performed the five-step evaluation process as set forth in 20 C.F.R. § 416.920(a).  (R. 22-31).[3]  The ALJ

---

[2] Upon a review of the record, the Court finds that counsel for the parties have adequately stated the pertinent facts of record in the Joint Memorandum.  (Doc. 23).  Accordingly, the Court adopts those facts included in the body of the Joint Memorandum by reference and only restates them herein as relevant to considering the issues raised by Claimant.

[3] An individual claiming Social Security disability benefits must prove that he or she is disabled.  *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). "The Social Security Regulations outline a five-step, sequential evaluation process used to determine whether a claimant is disabled: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or

concluded that Claimant has not engaged in substantial gainful activity since December 12, 2018, the date she filed her application for SSI.  (R. 23).  The ALJ then found that Claimant suffers from the following severe impairments:  bipolar disorder, depression, and anxiety.  (*Id.*).  The ALJ also found that Claimant has a history of spine disorder, migraines, gastroesophageal reflux disease ("GERD"), urinary incontinence, arthralgias, vitamin D deficiency, and right ventricular conduction delay, but that these conditions constitute non-severe impairments.  (*Id.*).  The ALJ concluded that Claimant does not have an impairment or combination of impairments that meets or equals a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (R. 24-25).

After careful consideration of the entire record, the ALJ determined that Claimant has the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, but with the following nonexertional limitations:

> The claimant has the residual functional capacity to sit, stand, walk, lift, carry, push and pull without limitation.  She could perform tasks that are simple, routine in nature, and that can be learned in 30 days or less.  This person should have no interaction with the general public unless it is merely superficial and only occasional interaction with co-workers.  ([S]uperficial is defined as giving simple information back and forth).  Her work would further be limited to low stress work,

---

combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ('RFC') assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(i)–(v), 416.920(a)(i)–(v)).

>       meaning that the claimant could not perform jobs with strict time
>       frames in which tasks must be completed. (This is defined as
>       delivering successfully under short time constraints).

(R. 25).

Based on this assessment, the ALJ concluded that Claimant is unable to perform any of her past relevant work, which includes work as a teacher aide and developer automatic. (R. 29). However, the ALJ found that considering Claimant's age, education, work experience, and RFC, as well as the testimony of the VE, Claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. (R. 30-31). Specifically, the ALJ found that Claimant could perform the requirements of representative occupations such as marker, floor waxer, and cleaner/housekeeper. (R. 30). Accordingly, the ALJ found that Claimant has not been under a disability, as defined in the Social Security Act, since December 12, 2018. (R. 31).

### III.   STANDARD OF REVIEW.

Because Claimant has exhausted her administrative remedies, the Court has jurisdiction to review the decision of the Commissioner pursuant to 42 U.S.C. § 405(g), as adopted by reference in 42 U.S.C. § 1383(c)(3). The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's findings of fact are supported by substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir.

2011). The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

**IV. ANALYSIS.**

In the Joint Memorandum, which the Court has reviewed, Claimant raises only one assignment of error: that the ALJ did not apply the correct legal standards to the opinions of state agency psychological consultants Dr. Nicholas Rios, Psy. D. and Dr. Lee Reback Psy. D., P.A. (Doc. 23, at 13). Accordingly, this is the only issue the Court will address.

The ALJ is tasked with assessing a claimant's RFC and ability to perform past relevant work. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004). The RFC "is

an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite [her] impairments." *Lewis*, 125 F.3d at 1440. In determining a claimant's RFC, the ALJ must consider all relevant evidence, including the opinions of medical and non-medical sources. 20 C.F.R. § 416.945(a)(3).

Claimant filed her application for SSI on December 12, 2018. (R. 21, 184-91). Effective March 27, 2017, the Social Security Administration ("SSA") implemented new regulations related to the evaluation of medical opinions, which provide, in pertinent part, as follows:

> (a) How we consider medical opinions and prior administrative medical findings. We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources. When a medical source provides one or more medical opinions or prior administrative medical findings, we will consider those medical opinions or prior administrative medical findings from that medical source together using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate. The most important factors we consider when we evaluate the persuasiveness of medical opinions and prior administrative medical findings are supportability (paragraph (c)(1) of this section) and consistency (paragraph (c)(2) of this section). We will articulate how we considered the medical opinions and prior administrative medical findings in your claim according to paragraph (b) of this section.

20 C.F.R. 416.920c(a). Subparagraph (c) provides that the factors to be considered include: (1) supportability; (2) consistency; (3) relationship with the claimant (which includes consideration of the length of treatment relationship; frequency of

examination; purpose of treatment relationship; extent of treatment relationship; and examining relationship); (4) specialization; and (5) other factors that tend to support or contradict a medical opinion or prior administrative medical finding. *Id.* § 416.920c(c).

Pursuant to the new regulations, the Commissioner is not required to articulate how she "considered each medical opinion or prior administrative medical finding from one medical source individually." *Id.* § 416.920c(b)(1). Rather, under the regulations, the most important factors the Commissioner will consider when determining the persuasiveness of medical opinions are supportability and consistency. *Id.* § 416.920c(b)(2). The regulations state that the Commissioner will explain how she considered the supportability and consistency factors in the determination or decision. *Id.* Thus, "[o]ther than articulating [her] consideration of the supportability and consistency factors, the Commissioner is not required to discuss or explain how [she] considered any other factor in determining persuasiveness." *Freyhagen v. Comm'r of Soc. Sec. Admin.*, No. 3:18-cv-1108-J-MCR, 2019 WL 4686800, at *2 (M.D. Fla. Sept. 26, 2019) (quoting *Mudge v. Saul*, No. 4:18-cv-693-CDP, 2019 WL 3412616, at *4 (E.D. Mo. July 29, 2019)). *See also Bolton v. Comm'r of Soc. Sec. Admin.*, No. 6:20-cv-1900-DNF, 2021 WL 5231760, at *7 (M.D. Fla. Nov. 10, 2021) (finding no error where ALJ did not address in the decision any

factors other than supportability and consistency) (citing *Torres v. Comm'r of Soc. Sec.*, No. 6:19-cv-1662-Orl-PDB, 2020 WL 5810273, at *2 (M.D. Fla. Sept. 30, 2020))).

On January 24, 2019, state agency psychological consultant Dr. Nicholas Rios, Psy. D. completed a Mental Residual Functional Capacity Assessment ("MRFC") on behalf of Claimant. (R. 69-71 ("Exhibit 1A")). The MRFC assessment form explains as follows:

> The questions below help determine the individual's ability to perform sustained work activities. However, the *actual* mental residual functional capacity assessment is recorded in the narrative discussion(s), which describes how the evidence supports each conclusion. This discussion(s) is documented in the explanatory text boxes following each category of limitation (i.e., understanding and memory, sustained concentration and persistence, social interaction and adaptation). Any other assessment information deemed appropriate may be recorded in the MRFC - Additional Explanation text box.

(R. 69) (emphasis added).

In assessing Claimant's limitations with respect to sustained concentration and persistence, Dr. Rios found Claimant "moderately limited" in the areas of: (1) ability to maintain attention and concentration for extended periods; (2) ability to work in coordination with or in proximity to others without being distracted by them; (3) ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. (R. 69-70). With respect to any social interaction limitations, Dr. Rios rated Claimant as being

"moderately limited" in her abilities to interact appropriately with the general public, and to accept instructions and respond appropriately to criticism from supervisors. (R. 70). And with respect to any adaptation limitations, Dr. Rios found Claimant to be "moderately limited" in her abilities to respond appropriately to changes in the work setting, and to set realistic goals or make plans independently of others. (R. 70-71). In all other categories, Dr. Rios found no significant limitations. (R. 69-71).

For each limitations category, Dr. Rios did not provide any narrative or detailed explanation, instead directing the reader to the "MRFC- Additional Explanation" section at the conclusion of the form. (*Id.*). In the "MRFC-Additional Explanation" section, Dr. Rios provided the following comprehensive narrative explanation as to Claimant's limitations:

> [Claimant] can remember both simple and complex tasks.
>
> Claimant has the ability to maintain attention and concentration for periods of at least two hours duration. Claimant may have occasional interruptions from psychologically based symptoms, but has the ability to complete a normal workday and work week without an unreasonable number and length of rest periods.
>
> Social interaction skills may be somewhat limited at times, however the claimant appears capable of performing at least simple tasks in an environment with limited interpersonal contact.
>
> [Claimant] may have some limitations adapting to changes in the work setting due to poor coping skills. [Claimant] is able to adapt to minor changes in routine. [Claimant] benefits from external psychosocial

>support, but remains capable of independent goal directed behavior. [Claimant] is aware of typical hazards and can travel independently.

(R. 71).

State agency psychological consultant Dr. Lee Reback Psy. D., P.A. also completed an MRFC assessment on behalf of Claimant on April 10, 2019. (R. 84-86 ("Exhibit 4A")). With respect to sustained concentration and persistence limitations, Dr. Reback found Claimant to be "moderately limited" in her ability to maintain attention and concentration for extended periods, and in her ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. (R. 84-85). Dr. Reback explained that Claimant "appears capable of sustaining an ordinary routine and making simple decisions. She may have difficulty maintaining attention and concentration for extended periods of time, possibly due to physical complaints." (R. 85).

With respect to social interaction limitations, Dr. Reback also rated Claimant as "moderately limited" in her abilities to interact appropriately with the general public, and to accept instructions and to respond appropriately to criticism from supervisors. (R. 85). Dr. Reback explained in the narrative section that with respect to social interaction, Claimant "may experience difficulties being able to relate appropriately to the general public and to respond appropriately to criticism from a supervisor." (*Id.*). And with respect to adaptation limitations, Dr. Reback opined

that Claimant was "moderately limited" in her ability to respond appropriately to changes in the work setting. (*Id*.). As to all other limitation categories, Dr. Reback found no significant limitations. (R. 84-86). And under the "MRFC-Additional Explanation" section, Dr. Reback stated that "[C]laimant appears to have the mental capacity to perform daily activities. She would probably do best in a stable work environment that provided her with clear work-related goals and limited interpersonal demands." (R. 85).

In evaluating the opinions of Drs. Rios and Reback, the ALJ summarized those opinions and stated as follows:

> State agency psychological consultants (Exhibits 1A and 4A) had the opportunity to review the medical evidence and opined that the claimant was not significantly limited in her ability to understand, remember and carry out very short and simple instructions. She was not significantly limited to make simple work-related decisions. The claimant had moderate limitations in her ability to interact appropriately with the general public and supervisors. She was moderately limited to respond appropriately to changes in the work setting.
>
> …
>
> I do find the state agency opinions persuasive that she can perform simple, routine tasks learned in 30 days or less. I do find greater social limitations based on her symptomatology. The vocational expert testified to work she could perform in the national economy, based upon her residual functional capacity.

(R. 29).

Claimant does not take issue with the weight assigned to Dr. Rios' and Dr. Reback's opinions. Nor does Claimant argue that the ALJ's evaluation of these opinions ran afoul of the requirements of the new regulations. Rather, Claimant argues that the ALJ erred by failing to account for the opinions of Dr. Rios and Dr. Reback that Claimant was moderately limited in her ability to interact appropriately with supervisors, and that such error was prejudicial. (Doc. 23, at 15-16).

Although Claimant presents the ALJ's failure to account for Dr. Rios' and Dr. Reback's opinions as one collective assignment of error, for the sake of clarity, the Court will address each state agency consultant's opinion separately as follows.

A. <u>Dr. Rios</u>.

As noted above, in fashioning Claimant's RFC, the ALJ noted that Dr. Rios rated Claimant as having "moderate limitations in her ability to interact appropriately with the general public and supervisors" in completing the MRFC assessment. (R. 29). However, the ALJ did not account for this limitation in the ultimate RFC determination. *See* R. 25. Claimant argues that it was error for the ALJ to fail to do so. (Doc. 23, at 15-17).

In response, the Commissioner argues that the ALJ was not required to mention or evaluate this finding in the MRFC. (*Id.*, at 20). Specifically, the Commissioner argues that because this particular finding was a rating from the summary conclusions section of the MRFC assessment, and Dr. Rios ultimately did

not include any limitations with respect to Claimant's ability to interact with supervisors in the narrative portion of the MRFC, this finding was not a "limitation" that the ALJ was required to include in the RFC.  (*Id.*).

The Court agrees with the Commissioner.  As the SSA's Program Operations Manual System ("POMS") clarifies, the summary conclusions section of the MRFC assessment, which asks the responding provider to rate the presence and degree of a claimant's limitations in four functional areas,[4] is "merely a worksheet to aid in deciding the presence and degree of functional limitations and the adequacy of documentation and *does not constitute the RFC assessment*."  SSA POMS DI § 24510.060(B)(2), 2001 WL 1933367 (last updated Apr. 4, 2021) (emphasis added).  "In this Circuit, the ALJ is not required to include the 'moderately limited' notations from the summary conclusions section in a claimant's RFC."  *Ramphal v. Saul*, No. 6:18-cv-116-Orl-28SPF, 2019 WL 3997893, at *5 (M.D. Fla. Aug. 7, 2019) (citing *Jones v. Comm'r of Soc. Sec.*, 478 F. App'x 610, 612 (11th Cir. 2012) and *Land v. Comm'r of Soc. Sec.*, 494 F. App'x 47, 49-50 (11th Cir. 2012)), *report and recommendation adopted sub nom. Ramphal v. Comm'r of Soc. Sec.*, 2019 WL 3997486 (M.D. Fla. Aug. 23, 2019); *Crumley v. Comm'r of Soc. Sec.*, No. 3:17-cv-973-J-PDB, 2019 WL 1417320, at *1 (M.D. Fla. Mar. 29, 2019) (noting that the POMS directs agency medical consultants to

---

[4] The four functional areas are: understanding and memory, sustained concentration and persistence, social interaction, and adaptation.  *See* R. 69, 84.

- 13 -

describe "the degree and extent" of a claimant's "capacity or limitation" in narrative format, and "it therefore is the narrative written by the medical consultant, rather than the summary conclusions, that the ALJ must use as the assessment of a claimant's RFC").

In the narrative section of the MRFC, Dr. Rios did not opine that Claimant has a limitation in her ability to interact with supervisors. *See* R. 71. As such, the ALJ was not required to include the rating of "moderately limited" in the RFC determination. *See Ramphal,* 2019 WL 3997893, at *5 (since physician's notations that claimant was "moderately limited" in certain functional areas did not form part of physician's opined limitations in the narrative section of the MRFC assessment, ALJ was not required to provide a reason for not including the notations in the RFC); *Rae v. Saul*, No. 8:19-cv-2987-T-TGW, 2021 WL 211269, at *3 (M.D. Fla. Jan. 21, 2021) (rejecting claimant's argument that ALJ erred by failing to include MRFC assessment reviewers' rating that claimant was moderately limited in accepting instructions and responding appropriately to criticism from supervisors, in part because the limitation was ultimately not included in narrative section of the MRFC).

In sum, the ALJ was not required to incorporate in the RFC determination Dr. Rios' notation rating Claimant as "moderately limited," and as such, Claimant has failed to demonstrate that the ALJ reversibly erred in this regard.

B. <u>Dr. Reback</u>.

In the Joint Memorandum, Claimant points to Dr. Reback's statement in the narrative section of the MRFC assessment that Claimant "may experience difficulties being able to relate appropriately to the general public and to respond appropriately to criticism from a supervisor." (Doc. 23, at 14 (citing R. 85)). Claimant argues that it was error for the ALJ to fail to include this finding in the RFC. (*Id.*, at 15-17).

The Court is not persuaded by Claimant's argument on this point. As an initial matter, although Dr. Reback's statement was made in the narrative section of the MRFC assessment, Claimant presents no argument or legal authority for her conclusory position that this particular statement constitutes a "medical opinion" which the ALJ was required to consider. *See, e.g., Rivera Misla v. Comm'r of Soc. Sec.*, No. 6:20-cv-1076-DCI, 2021 WL 2417084, at *2 (M.D. Fla. June 14, 2021) (noting that court was "not convinced" that state agency psychological consultants' statement that claimant "would need an understanding supervisor" was a medical opinion, particularly where claimant offered no argument or citation to legal authority on that point); 20 C.F.R. § 416.913(a)(2) (defining "medical opinion" as "a statement from a medical source about what [the claimant] can still do despite [her] impairments(s)" and whether the claimant has any functional limitations or restrictions regarding certain enumerated abilities). Regardless, pursuant to the

regulations governing Claimant's case, the Commissioner "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's own] medical sources." 20 C.F.R. § 416.920c(a).  Therefore, "an ALJ need not adopt every part of an opinion that the ALJ finds persuasive." *Rivera Misla*, 2021 WL 2417084, at *2 (citing § 404.1520c(a)).[5]  *See also Freyhagen*, 2019 WL 4686800, at *8 (noting that an ALJ's RFC assessment does "not need to match or mirror the findings or opinions of any particular medical source… because the responsibility of assessing the RFC rests with the ALJ").

To the extent that Dr. Reback's statement, which is equivocal at best, formed part of his ultimate opinion as to Claimant's limitations in the area of social interaction, Claimant provides no argument or explanation as to how the statement conflicts with the RFC.  Nor does it appear to the Court that the statement is inconsistent with the ALJ's ultimate RFC determination.  Although Dr. Reback observed that Claimant "*may* experience difficulties" in her ability to respond appropriately to criticism from a supervisor, Dr. Reback did not opine that Claimant was incapable of working under normal supervision.  *See* R. 84-86; *see also Ramphal*, 2019 WL 3997893, at *5 ("[b]y opining that Plaintiff would 'benefit' from a certain

---

[5] 20 C.F.R. § 404.1520c governs applications for Disability Insurance Benefits rather than SSI but is otherwise identical to 20 C.F.R. § 416.920c.  *Compare* § 404.1520c *with* § 416.920c.

type of supervisor, Dr. Berick simply described Plaintiff's ideal work conditions. Dr. Berick did not opine, however, that Plaintiff was incapable of working under normal supervision. Thus, the ALJ did not err by leaving out that limitation."). As such, Claimant has not shown that Dr. Reback's observation was inconsistent with the RFC, and consequently, she has not demonstrated that the ALJ committed reversible error. *See also Williams v. Comm'r of Soc. Sec.*, No. 6:18-cv-350-Orl-40GJK, 2019 WL 957885, at *7 (M.D. Fla. Feb. 12, 2019) (emphasis in original) (noting that regardless of whether it was necessary to weigh doctor's observation that claimant "*may* have some struggles meeting demands," ALJ's failure to do so was harmless because the observation was equivocal and the doctor did not indicate that claimant's limitations were more restrictive than those contained in the RFC), *report and recommendation adopted*, 2019 WL 952309 (M.D. Fla. Feb. 27, 2019).

In short, even assuming that Dr. Reback's statement was in fact a medical opinion, under the regulations, an ALJ need not apply an "all-or-nothing approach" when assessing a medical source's opinions. *Cianfrani v. Comm'r of Soc. Sec.*, No. 2:20-cv-24-FtM-MRM, 2021 WL 973494, at *3 (M.D. Fla. Mar. 16, 2021) (quoting *Hand v. Comm'r of Soc. Sec.*, 786 F. App'x 220, 225 (11th Cir. 2019)). Instead, "the ALJ's RFC determination must merely be supported by substantial evidence." *Id.* The Court finds that it is. *See, e.g.*, R. 72, 87 (stating that Claimant has no exertional limitations); R. 71 (observing that claimant's social interaction skills may be

somewhat limited at times but that she appears capable of performing at least simple tasks); R. 85 (stating that claimant appears capable of sustaining an ordinary routine and making simple decisions). The Court therefore rejects Claimant's contentions that the ALJ erred in his RFC determination and finds that the final decision of the Commissioner is due to be affirmed.[6]

## V. CONCLUSION.

Based on the foregoing, it is **ORDERED** that:

1. The Commissioner's final decision is **AFFIRMED**.
2. The Clerk of Court is **DIRECTED** to enter judgment in favor of the Commissioner, and thereafter, to **CLOSE** the case.

**DONE** and **ORDERED** in Orlando, Florida on March 21, 2022.

_Leslie Hoffman Price_
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

---

[6] Claimant also argues that by failing to adopt Dr. Rios' and Dr. Reback's statements, Claimant was prejudiced, because the ALJ consequently failed to pose a complete hypothetical to the VE which contained all of Claimant's functional limitations. (Doc. 23, at 16). However, as explained herein, the ALJ was not required to include these statements in the RFC in the first place. And, in any event, an ALJ "is not required to accept the answers a VE gives to a hypothetical that contains limitations not ultimately adopted by the ALJ." *See Smith v. Colvin*, No. 4:12-cv-03588-DCN, 2014 WL 1159056, at *3 (D.S.C. Mar. 20, 2014) (citing *Hammond v. Apfel,* 5 F. App'x 101, 105 (4th Cir.2001)). The Court is therefore not persuaded by this argument.